COMMONWEALTH *vs.* EDGAR G. MACLELLAN.

Suffolk.   June 19.— September 6, 1876.   COLT & DEVENS, JJ., absent.

The St. of 1863, c. 33, providing that "whenever any criminal case shall be on trial
at the end of any term" "such term may be continued until such case is finished,"
applies only to cases actually on trial at the end of a term, and not to a case which,
at some previous time during the term, has been begun and suspended, and is not
actually in progress of trial at the end of the term.

INDICTMENT for abortion.   On Tuesday, March 28, 1876, the
defendant was set at the bar for trial, in the Superior Court, and
a jury was empanelled and sworn to try the cause, and the prose-
cution proceeded to put in evidence.   On the second day of the
trial, the presiding judge was called home by the sudden sick-
ness, followed by death, of his son.   Another judge took his place
in court, but the defendant objected to proceeding with the case
before him, and, after consultation with his counsel, agreed that
the case should be suspended, to be completed, if possible, before
the same judge and jury; and the case was accordingly so sus-
pended.   The other business of the term went on before the
judge who came in, and some members of the same jury were
engaged in the trial of other causes.   All other business of the
term was closed Friday, the 31st, but the term was not adjourned
finally, and the judge, claiming to act under the St. of 1863,
c. 33, adjourned the March term to the Monday following, and
afterwards to Tuesday, April 4.   On Monday, April 3, the
April term was duly opened and proceeded with its business.
On Tuesday, April 4, the March term was duly opened accord-
ing to the adjournment, the business of the April term was sus-
pended, and the trial of the defendant was resumed before the
same jury, who had been required by the judge to attend there-
for at that time, and before the same judge as at the commence-
ment of the trial.

The defendant objected to proceeding with the trial before
said jury on Tuesday, April 4, on the ground that the March
term of the court had terminated; that the court had no juris
diction in the case; that said court had no legal right to suspend
said case beyond the March term and into the April term; that
the term of service for which said jury was drawn had ter-

minated; that said jury were discharged, and had no jurisdiction, legal right or authority to serve in said case and render a verdict.

The judge overruled these objections, and ordered the trial to proceed. The defendant was found guilty; and alleged exceptions.

*J. E. Avery*, for the defendant.

*W. C. Loring*, Assistant Attorney General, (*C. R. Train*, Attorney General, with him,) for the Commonwealth.

ENDICOTT, J. The St. of 1863, *c.* 33, provides that "whenever any criminal case shall be on trial at the end of any term" "such term may be continued until such case is finished, and the jurors sitting in such case may be required by the presiding justice to serve until the same is concluded."

We are of opinion that the words "on trial" in this statute are to be taken in their literal meaning, and that the case must be actually on trial before the court and jury at the end of the term. That is, if in any stage of the proceedings of a trial actually in progress at the time, between the empanelling of the jury and the rendition of a verdict, the end of the term is reached, and the trial cannot be concluded in the ordinary course of business during the term as established by law, in such case an adjournment may be had. The statute does not apply to cases in which at some previous time during the term trials have been begun, and suspended for other reasons, and which at the close of the term are not actually in progress of trial before the jury.

The case at bar does not come within this interpretation of the statute. The trial had been suspended two days before for other reasons. Another judge had come in, other business had intervened, and some of the jurors empanelled to try it had been engaged in the trial of other cases. The judge before whom alone the trial could proceed was not present at the end of the term, and the case was not on trial at that time, within the meaning of the statute.          *Exceptions sustained.*